**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENVISION INSURANCE COMPANY, an Ohio corporation,

Plaintiff,

vs.

WAKELY CONSULTING GROUP. INC., a Florida corporation and BRIAN WEIBLE, Individually,

Defendants. /

Case No.: 8:10cv00082-T27TGW

Dispositive Motion as to Counts III, IV, V, & VI

## DEFENDANTS' MOTION TO STRIKE OR IN THE ALTERNATIVE TO DISMISS

Defendants, Wakely Consulting Group, Inc. and Brian Weible ("Wakely" and "Weible," individually, "Defendants," jointly), pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6) and Local Rule 3.01, move to strike counts III, IV, V, and VI of the Complaint filed by Plaintiff, Envision Insurance Company ("Envision") or, in the alternative, to dismiss counts III and IV for failure to state a claim upon which relief can be granted, and in support state as follows:

### Introduction and Statement of Requested Relief

1. This case involves the claims of Envision, an insurance company, against Wakely, a professional actuarial services company, and Weible, a Wakely employee, relating to services provided by Wakely to Envision pursuant to a written contract. A copy of Envision's Complaint with exhibits is attached hereto as Exhibit 1.

2. In its Complaint, Envision claims Wakely and Weible are both liable for professional negligence/malpractice, negligence, and negligent misrepresentation. (Compl. ¶ 1.)

3. As discussed in more detail below, Envision's claims against Wakely and Weible for negligence and negligent misrepresentation (counts III, IV, V, & VI) should be stricken as being duplicative of counts I and II because these latter four counts are fundamentally only recast claims of professional malpractice. In the alternative, count III should be dismissed for failure to state a claim because Envision alleged the existence of and attached a purported written agreement to its Complaint. Thus, to the extent this Court determines count III is not merely duplicative of count I, Envision's negligence claim is nonetheless barred by the economic loss rule. (Compl. ¶ 26, ex. A.)

## Memorandum of Law and Argument

### 1. Counts III, IV, V, and VI Should Be Stricken as Being Redundant Under Rule 12(f)

Under Federal Rule of Civil Procedure 12(f),"[t]he court may strike from a pleading . . . any redundant . . . matter . . . on motion made by a party." Fed. R. Civ. P. 12(f); *see also, e.g.*, *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (intentional infliction of emotional distress count stricken as duplicative of medical malpractice claim where it "adds nothing new and merely asserts claims incorporated into the medical malpractice cause of action"); *Munie v. Stag Brewery*, 131 F.R.D. 559, 559-60 (S.D. Ill. 1989) (striking count for personal injury as duplicative of count for premises liability). A claim "involving the same promisor, the same acts of breach and the same measure of damages" as another claim should be stricken as redundant. *Sudul v. Computer Outsourcing Servs.*, 868 F. Supp. 59, 61 (S.D.N.Y. 1994); *accord Dethemers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 23 F. Supp. 2d 974, 1009 (N.D. Iowa 1998) ("[A] claim that merely recasts the same elements under the guise of a different theory may be stricken as redundant pursuant to Rule 12(f).").

In counts I and II of its Complaint, Envision claims that it was damaged when Wakely and Weible committed professional negligence/malpractice with regard to their provision of

actuarial services. (Compl. ¶¶ 90, 102.) However, there is no material difference separating counts I and II from counts III and IV. (Compl. ¶¶ 112, 124.) Counts I and III against Wakely and counts II and IV against Weible have an identical number of paragraphs, 10 and 12, respectively, and contain identical language with only a few entirely superficial exceptions. (e.g., the difference between ¶ 84 and ¶ 106 in counts I and III is that ¶ 106 contains the additional word "the" before "Professional Services"). Because it is clear that counts III and IV merely recast the allegations of counts I and II for professional malpractice, the Court should strike counts III and IV as being redundant under Rule 12(f). *Dethemers*, 23 F. Supp. 2d at 1009; *Sudul*, 868 F. Supp. at 61.

Counts V and VI are also redundant recastings of counts I and II. While counts V and VI contain different language, there is no difference in meaning between these counts and counts I and II, respectively. In both sets, Envision alleges that Defendants represented their competency to provide actuarial services, that Defendants demonstrated their incompetence in their actual provision of actuarial services (i.e., they committed malpractice), and that Envision was damaged as a result. (Compl. ¶¶ 82-85, 93-95, 126-129, 134-37). The only noticeable difference between these sets of counts is that in the counts for malpractice Envision directly states Defendants breached their professional duties and failed to provide actuarial services consistent with a reasonably prudent actuary, while in the counts for negligent misrepresentation Envision less directly states Defendants misrepresented their abilities and either intentionally or unintentionally provided services – the "underlying actuarial assumptions, and/or method, and/or decision making criteria" – that a qualified, competent actuary would not have provided. (Compl. ¶¶ 89-90, 101-02, 129-31, 137-39). Despite the different language, both versions describe the same alleged wrongs and the same alleged damages.

While Defendants never made any misrepresentations to Envision, it is obvious that had they done so with the intent for Envision to rely upon the misrepresentations, Defendants would have committed malpractice. This is because under Florida law there is no actionable distinction between "negligent misrepresentation" and malpractice within the context of professional services. In its seminal opinion eliminating the requirement that a professional and a purported client be in direct privity to hold the professional liable for malpractice, the Florida Supreme Court equated malpractice with negligence. To wit:

> We also hold that Florida recognizes a common law cause of action against professionals *[for malpractice] based on their acts of negligence* despite the lack of a direct contract between the professional and the aggrieved party.

*Moransais v. Heathman*, 744 So. 2d 973, 984 (Fla. 1999) (emphasis added); *see also Coral Gables Distrib. Ctr., Inc. v. Milich*, 992 So. 2d 302, 303 (Fla. 3d DCA 2008) (equating malpractice with negligent misrepresentation in finding that a complaint "fails to allege the essential elements of a cause of action for legal malpractice (whether demoninated negligent misrepresentation or otherwise)"); *Jones Bros., Inc. v. CH2M Hill, Inc.*, No. 8:07-cv-1703-T-26EAJ, 2009 WL 3273226, at *2 (M.D. Fla. Oct. 8, 2009) ("The common law cause of action holding professionals liable for their negligent conduct in providing professional services . . . ."); *In re Kindred*, No. 6:08-bk-02334-KSJ, No. 6:08-ap-00171, 2009 WL 1788401, at *4 (Bankr. M.D. Fla. June 5, 2009) (holding that a "breach of fiduciary duty claim is merely duplicative of the professional malpractice claim . . . ."). It is clear that counts V and VI also merely duplicate counts I and II for malpractice because they simply recast the allegations of counts I and II in different language but involve the same operative facts and damages., Accordingly, the Court should strike counts V and VI as being redundant under Rule 12(f). *Dethemers*, 23 F. Supp. 2d at 1009; *Sudul*, 868 F. Supp. at 61.

**2. In the Alternative, Count III Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)**

A court may also dismiss a count "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In ruling on a motion to dismiss for failure to state a claim, the district court must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). "To survive a motion to dismiss, a plaintiff's complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Wood v. Pasco County*, No. 8:09-cv-6-T-30MAP, 2009 WL 1971457, at *1 (M.D. Fla. July 8, 2008).

"The Eleventh Circuit has recognized that under Florida's economic loss doctrine, a plaintiff may not raise tort claims to recover solely economic damages arising from a breach of contract absent evidence of personal injury or property damage." *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994). While Wakely agrees that professional malpractice is an exception to Florida's economic loss rule, to the extent that this Court believes that counts III and IV of Envision's Complaint for negligence are not merely redundant malpractice claims, these counts must nevertheless be dismissed. Envision not only alleged the existence of a written agreement for services, but also attached the purported agreement to its Complaint. (Compl. ¶ 26 & Ex. A). Thus, Envision's negligence claims are barred by the economic loss rule. Accordingly, the Court should dismiss counts III and IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants, Wakely Consulting Group, Inc. and Brian Weible, respectfully request that this Court strike counts II, IV, V, and VI of the Complaint or, in the alternative, dismiss counts III and IV for failure to state a claim upon which relief can be granted.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Eric C. Edison, Esquire, ANGELO & BANTA, P.A, 515 East Las Olas Boulevard, Suite 850, Fort Lauderdale, Florida 33301.

s/Cheryl L. Wilke
Cheryl L. Wilke
Fla. Bar. No.: 893780
cwilke@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, Florida 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024